George Tilzer, J.
The landlord complied with the good faith requirement of the rent control law and the Rent and Eviction Regulations by establishing his intention and desire to gain possession of the apartment for occupancy by a resident superintendent. There was no evidence presented that the particular apartment sought was chosen because the tenant of that apartment had been active in asserting her rights under the rent regulations. On the other hand, it was shown that the three-room apartment in question, 1A, is because of its location on the ground floor of the dwelling the logical one to be occupied by a resident superintendent in order to properly maintain the building and safeguard the health and property of the occupants of some 30 apartments. The fact that other apartments were available may not in and of itself lead to a denial of the choice of apartment 1A for the resident superintendent. It appeared that these other apartments were on the upper floors of the building, they contained four rooms and their rentals were almost double that of 1A, the only three-room apartment in the building. These upper floor apartments did not present “ reasonably alternative ” available premises, considering and assessing the financial and other differences between them and 1A. (Matter of Levine v. Abrams, 1 A D 2d 213; State Rent Administrator’s Opinion No. 4.) The court observes that so far as the occupant of 1A is concerned, as far back as 1956, and thereafter, petitioner offered her many apartments in the neighborhood and indeed offered her a four-room apartment in this very dwelling.
The application is granted. The determination is annulled and the respondent is directed to issue the certificate.
Settle order.